MEYERS, J.,
filed a concurring opinion, in which HOLCOMB and COCHRAN, JJ., joined.
I join the majority opinion. We were asked to determine whether the trial court *609 abused its discretion in limiting the time for argument. While I fully agree with the majority’s analysis and conclusion, I write separately to note the dissenting opinion by Justice Hudson of the court of appeals, which elaborates on the Sixth Amendment violation resulting from this abuse of discretion. Justice Hudson equates the judicially imposed time limitation on argument to a complete abrogation of the Sixth Amendment.
Everyone concedes that the accused must be permitted a full hearing where, if he chooses, he may present all relevant evidence in his defense. In this endeavor he is entitled to the assistance of counsel. Moreover, the right to be represented by counsel includes the right to fully argue the merits of his defense. How a lawyer chooses to argue may vary.
[[Image here]]
If, due to time limitations, counsel is constrained to leave off some point of fact, some logical syllogism, some emotional plea — has the defendant been afforded a full or partial hearing? If counsel must hurry his remarks and speak in an unnatural manner to meet the time restrictions, has not the judge dictated both the content of the argument and the manner of its delivery? In other words, has not the court infringed upon the defendant’s right to be fully represented by counsel? The right to counsel was “secured to the people of England, from whence we [borrowed it], by long and persistent efforts.” Dille v. State, 34 Ohio St. 617, 619 (Ohio 1878). By what authority do courts infringe upon it today? The fact that we came into possession of this liberty as a conceded right, ought not to cause us to underrate or forget its importance. Id. While the people have it within their authority to repeal the Sixth Amendment, the judiciary (even by incremental progression) do not.
Dang v. State, 99 S.W.3d 172 (Tex.App.-Houston [14th Dist.] 2002) (Hudson, J., dissenting) (footnotes omitted).
The factors enumerated by the majority provide a useful guideline for determining whether the trial court abused its discretion in limiting the time for argument and I agree that this was the proper method for deciding this case. However, I also agree with Justice Hudson that the limitations placed on counsel in this case effectively deprived Appellant of the full representation of counsel and thus infringed on his rights under the Sixth Amendment.
In concluding that the limitations placed upon counsel in this case infringed upon Appellant’s Sixth Amendment right, Justice Hudson properly referred to the Supreme Court decision in Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). In that case, the Supreme Court held that a New York statute which gave the trial court discretion to bar closing arguments in a bench trial violated a defendant’s Sixth Amendment right to assistance of counsel. Id. at 865. While noting that the trial judge “may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant ... [and he] may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial[,]” id. at 862, the Supreme Court concluded that:
It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of them adversaries’ positions. And for the defense, closing argument is the last *610 clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant’s guilt. The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment.
Id. at 862. With these comments, I join the majority opinion.